IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DON ALBERT LANG | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-187 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Don Albert Lang, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Petitioner was convicted of aggravated sexual assault on a public servant in the 252nd District Court of Jefferson County, Texas . He was sentenced to 75 years of imprisonment.

Petitioner is not challenging his conviction. Instead, he challenges the decision of the Texas Board of Pardons and Paroles to deny him release on parole. He states the denial was the result of prosecutorial misconduct and that the trial court abused its discretion.

Analysis

The Due Process Clause of the Fourteenth Amendment to the Constitution only applies when state procedures impact a protected liberty interest or property interest. *Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983). Texas law does not create a liberty interest in parole that is protected by

the Due Process Clause and Texas prisoners have no constitutional expectancy of release on parole. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). As a result, it is "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole procedure on procedural (or substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

As petitioner has no liberty interest in being released on parole, his challenge to the failure to release him on parole lacks merit. His petition should therefore be denied.

## Recommendation

This petition for writ of habeas corpus should be denied.

## Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to timely file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from entitlement to *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) *(en banc)*.

**SIGNED this the 2nd day of November, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE